Matter of the Application of JAMES GALLO, for an Order to Invalidate and Declare Null and Void Designating Petition Filed by JAMES A. KELLY, etc.

(Supreme Court, Kings Special Term (Motions), August, 1919.)

Election Law, § 55-a — when objections to petition of candidate for nomination must be filed — elections.

> One has the right to sign a petition designating himself as a candidate for the office of alderman.
>
> Signatures witnessed by one who while in the army voted in camp under the provisions of the war legislation are valid.
>
> The petition of K. as a candidate in the Democratic primary for the nomination of alderman in the forty-third district of the borough of Brooklyn, contains 313 signatures, while the law requires only 207. On application of one who challenged 123 of the signatures it appeared that at least nine of those claimed not to be registered were in fact registered, and at least ten of those whom petitioner claims did not sign the petition are shown by the affidavits to have signed it. *Held,* that these, with the undisputed signatures, making more than the requisite number, it was unnecessary to consider the objection that the soldier who witnessed signatures was not registered in the two preceding years.
>
> Under section 55-a of the Election Law objections to a petition of a candidate for the nomination of alderman must be filed within the three days following the filing of the petition.

APPLICATION for an order invalidating and declaring null and void a designating petition.

Robert S. DuBois, for petitioner.

Louis W. Fehr, for respondent.

CROPSEY, J. The petition of James A. Kelly, as a candidate in the Democratic primary for the nomina-

Supreme Court, August, 1919. [Vol. 108.

tion for alderman in the forty-third district of the borough of Brooklyn, is challenged. It contains 313 signatures. The law requires only 207. Petitioner challenges 123. Thus 190 are undisputed.

The right of candidate Kelly to sign his own petition is disputed. But there is no reason why a candidate may not sign for himself. He may vote for himself in either the primary or at the general election. And so he must have the right to sign a petition designating him as a candidate.

Six signatures witnessed by O'Brien are challenged, on the assertion that he was not registered in the preceding two years. The proof shows, however, that he was in the army and voted in camp under the provisions of the war legislation. This makes these signatures valid. It is also shown that at least nine of those claimed not to be registered are in fact registered. And at least ten of those whom petitioner claims did not sign are shown by the affidavits to have signed. These, with the undisputed signatures, make more than the requisite number, so it is unnecessary to consider the other objection.

But the objections to this petition were not filed in season. The petition was filed July thirty-first, and the objections were not filed until August eighth. The statute says they must be filed within three days. Election Law, § 55-a. The mere fact that on August fifth additional names were filed makes no difference. On July thirty-first 283 signatures were attached to the papers then filed. That constituted the petition, and any objections to it should have been made within the three following days. That was not done, and objections made eight days later cannot be considered.

Motion denied.